UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Nyynkpao B.,[1]

    Petitioner,

v.

Merrick B. Garland, Alejandro Mayorkas, Tae D. Johnson, Marcos Charles, and Eric Holien,

    Respondents.

Civ. No. 21-1817 (WMW/BRT)

**REPORT AND RECOMMENDATION**

---

John R. Bruning, Esq., The Advocates for Human Rights Refugee & Immigrant Program, counsel for Petitioner.

Liles Harvey Repp, Esq., and Ana H. Voss, Esq., Assistant United States Attorneys, counsel for Federal Respondents.

---

BECKY R. THORSON, United States Magistrate Judge.

    Petitioner Nyynkpao B. ("Petitioner"), a native and citizen of the Ivory Coast, is currently in the custody of the Immigration and Customs Enforcement Agency ("ICE") pending the outcome of his ongoing removal proceedings. Under 28 U.S.C. § 2241, Petitioner seeks relief in the form of a bond hearing in which Respondents shall bear the burden of proof by clear and convincing evidence as to why Petitioner should be kept in

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration matters such as the present matter. Accordingly, where this Court refers to Petitioner by his name, only his first name and last initial are provided.

detention. (Doc. No. 1, Habeas Pet.) For the reasons stated below, this Court recommends that the Petition be granted in part and denied in part.

**I.      Background**

Petitioner is a native and citizen of the Ivory Coast who entered the United States of America as a refugee on January 29, 2004, at the age of six. (Habeas Pet. ¶ 19; Doc. No. 9, Declaration of James L. Van Der Vaart ("Van Der Vaart Decl.") ¶ 4.) On November 15, 2005, Petitioner's status was adjusted to a lawful permanent resident. (Van Der Vaart Decl. ¶ 5.) From June of 2016 to June of 2018, Petitioner was convicted of a variety of criminal charges, including theft, possession of marijuana, and "robbery–with a firearm, dangerous weapon, or destructive device," the latter of which he was sentenced to five years with credit for time served.[2] (*Id.* ¶¶ 6–10; Doc. No. 8, Declaration of Liles H. Repp ("Repp. Decl."), Exs. 1–3.) On March 31, 2021, upon his release from prison, ICE arrested Petitioner and then placed him in removal proceedings. (Van Der Vaart Decl. ¶ 12.) Petitioner was charged as removable under the Immigration and Nationality Act ("INA") under Sections 237(a)(2)(B)(i) (controlled substance offense), 237(a)(2)(A)(iii) (crime of violence), and 237(a)(2)(A)(ii) (two crimes involving moral turpitude after admission – based upon his theft and robbery convictions). (*Id.*)

On July 15, 2021, during the course of Petitioner's removal proceedings, the Immigration Judge ("IJ") granted Petitioner's application for Cancellation of Removal.

---

[2]      Petitioner's other convicted charges include the following: (1) giving a false report to law enforcement, (2) assault, and (3) possession of drug paraphernalia. (Van Der Vaart Decl. ¶¶ 7–8.)

(*Id.* ¶¶ 13–17.) On July 21, 2021, the Government filed an appeal with the Board of Immigration Appeals. (*Id.* ¶ 18.) A few weeks later, on August 9, 2021, Petitioner filed a Petition for Writ of Habeas Corpus, challenging the constitutionality of his continued detention without a bond hearing. He now asks this Court to order that an IJ conduct a bond hearing within fourteen days of a grant of this habeas petition, at which the Government must prove by clear and convincing evidence that a legitimate Government interest outweighs his individual liberty. (Habeas Pet. ¶ 3.)

## II.     Analysis

The primary habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon federal courts to hear constitutional challenges to the lawfulness of immigration-related detentions. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

### A.     Length of Detention

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 206 (1993). Mandatory detention under § 1226(c) does not violate a criminal noncitizen's due process rights during the "brief period necessary" for removal proceedings. *Demore v. Kim*, 538 U.S. 510, 513 (2003). "But a detainee's due process rights are implicated when the period of detention under Section 1226(c) is no longer 'brief.'" *Bolus A.D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 961 (D. Minn. 2019) (citing *Zadvydas*, 533 U.S. at 682); *Abdirizak Mohamed A. v. Brott*, No. 18-3063 (ECT/HB), 2020 WL 1062913, at *3 (D. Minn. Mar. 5, 2020) (noting that *Demore*'s holding that mandatory detention under

§ 1226(c) is facially constitutional cannot be separated from its "repeated, obvious references to the 'brief' and 'very limited' duration of most § 1226(c) detentions").

Courts in this District "resolve due process challenges to Section 1226(c) detention by closely examining the facts of the particular case to determine whether the detention is reasonable using the *Muse* multi-factor test." *Omar M. v. Garland*, No. 20-CV-1784 (NEB/BRT), 2021 WL 3442337, at *6 (D. Minn. Mar. 29, 2021) (citing *Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018)); *see also Abdirizak*, 2020 WL 1062913, at *3 (collecting cases). Under *Muse*, courts look to:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

409 F. Supp. 3d at 715.

As with previous habeas challenges to immigration detention, Respondents assert the *Muse* test is inappropriate. (Doc. No. 7, Resp. to Pet. 17–18.) But courts in this District have repeatedly rejected this argument. *See Pedro O. v. Garland*, No. 20-CV-2568 (ECT/KMM), 2021 WL 3046799, at *5–8 (D. Minn. June 14, 2021); *Abdirizak*, 2020 WL 1062913, at *3 ("Finally, there is an obvious intra-district trend to apply factors identical to those applied in the Report and Recommendation and *Muse* to evaluate a due-process challenge to a § 1226(c) detention. There is no good reason to buck this trend."); *Omar M.*, 2021 WL 3442337, at *6. Accordingly, this Court will not deviate from the well-established *Muse* factors widely employed in this District. This Court applies the *Muse* factors as follows:

4

**1.     Total length of detention to date**. Petitioner was detained on March 31, 2021–over eight months ago. (Van Der Vaart Decl. ¶ 12.) Since his detainment, Petitioner's detention has been pre-removal detention. Currently, Petitioner's time detained already exceeds the "brief period" contemplated by *Demore*. 538 U.S. at 530 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.");[3] *see also Muse*, 409 F. Supp. 3d at 716 ("Without question, then, continued detention without inquiry into its necessity becomes more and more suspect as detention continues past the time frame described in *Demore*.") (quotations omitted). As the Court in *Muse* stated, eight-month detentions have been found by courts to be unreasonable under the Due Process Clause. *Muse*, 409 F. Supp. 3d at 716 (citing *Sajous v. Decker*, No. 18-2447, 2018 WL 2357266, at *1, *7 (S.D.N.Y. May 23, 2018) (finding eight months to be unreasonable under the Due Process Clause) and *Gordon v. Shanahan*, No. 15-261, 2015 WL 1176706, at *3–4 (S.D.N.Y. Mar. 13, 2015) (same)). Indeed, courts from the same District cited by *Muse* have regarded detentions exceeding as little as six months to be unreasonable. *See Graham v. Decker*, No. 20-3168, 2020 WL 3317728, at *5 (S.D.N.Y. June 18, 2020) ("As a rule of thumb,

---

[3]     Though "there is reason to doubt the accuracy of the statistics provided to the *Demore* Court," Petitioner's detention has already surpassed the length of detention that was considered "brief." *Pedro O.*, 2021 WL 3046799, at *12 (incorporating the underlying Report and Recommendation); *see also Jennings v. Rodriguez*, 138 S. Ct. 830, 869 (2018) (Breyer, J., dissenting) (explaining that the statistics the Supreme Court relied on in *Demore* were incorrect and that "[d]etention normally lasts twice as long as the Government then said it did").

5

courts applying the multi-factor analysis have regarded detentions exceeding six months without a bond hearing as favoring the finding of a due process violation."); *see also Rosemond v. Decker*, No. 19-9657, 2020 WL 3965309, at *7 (S.D.N.Y. Apr. 1, 2020), *report and recommendation adopted*, No. 19-9657, 2020 WL 1876318 (S.D.N.Y. Apr. 14, 2020) ("[Petitioner's detention] is significantly longer than the six months after which courts have found that detention is more likely to be unreasonable.") (quotations omitted).

Petitioner's detention has already exceeded eight months, a period of time that courts, as the *Muse* court noted, has been found to be unreasonable. *Muse*, 409 F. Supp. 3d at 716. This exceeds the "brief period" contemplated by *Demore*. 538 U.S. at 530. Thus, this factor favors Petitioner.

**2.   The likely duration of future detention**. "In estimating when detention will end, courts take into account the anticipated duration of all removal proceedings, including administrative and judicial appeals." *Muse*, 409 F. Supp. 3d at 716–17. Here, the Government's appeal of the IJ's order is still pending before the BIA.[4] (Van Der Vaart Decl. ¶ 18.) The ultimate decision is unknown, and there remains the possibility that the BIA's eventual decision may be appealed to the Eighth Circuit Accordingly, there is no certainty about the duration of all removal proceedings. This

---

[4]   On July 21, 2021, the Government filed an appeal of the IJ's ruling with the BIA; the appeal is currently pending with briefing having been completed on September 14, 2021. (Van Der Vaart Decl. ¶ 18.)

factor is neutral and does not favor either party. *See Jamie M. v. Garland*, No. 21-CV-743 (NEB/BRT), 2021 WL 5567864, at *3 (D. Minn. Nov. 29, 2021).

      3.    **Conditions of detention**. "Aliens held under § 1226(c) are subject to civil detention rather than criminal incarceration. The more that the conditions under which the alien is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Muse*, 409 F. Supp. 3d at 717 (internal citations omitted). Petitioner is currently detained at Kandiyohi County Jail. The Government admits these are criminal correctional facilities. (Resp. to Pet. 21.) This factor weighs heavily in favor of Petitioner. *See Pedro O.*, 2021 WL 3046799, at *13.

      4.    **Delays caused by the detainee**. Both parties agree that Petitioner has not engaged in dilatory tactics during his removal proceedings beyond vigorously contesting his removal, as is his right. (Resp. to Pet. 21; Habeas Pet. ¶ 47.) Thus, this factor favors Petitioner.

      5.    **Delays caused by the Government**. Both parties agree that the Government has not engaged in dilatory tactics during his removal proceedings. (Resp. to Pet. 21; Habeas Pet. ¶ 48.) Thus, this factor favors the Government.

      6.    **Likelihood that proceedings will result in final order of removal**. To determine the likelihood of how the proceedings will result in a final order where an appeal has been filed, courts must weigh the merits of the appeal.[5] Courts are "not

---

[5] Both parties do not ask this Court to pass judgment on the merits of the removal proceedings. (Habeas Pet. ¶ 49; Resp. to Pet. 22.) But an examination of the arguments on appeal is required to assess this factor, assuming this Court is in a position to do so. *See Muse*, 409 F. Supp. 3d at 718.

normally in a position to weigh the merits of [an appeal]" unless the parties have substantially characterized the arguments and the record contains sufficient information such that the court has a basis to determine whether a petitioner is likely or unlikely to be removed. *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 903 (D. Minn. 2020); *see also Amreya R.S. v. Barr*, No. 19-3042 (NEB/LIB), 2020 WL 2770942, at *10 (D. Minn. May 6, 2020), *report and recommendation adopted*, No. 19-3042 (NEB/LIB), 2020 WL 2769278 (D. Minn. May 28, 2020) ("Further complicating this factor, neither party has substantially characterized the arguments made on appeal, and thus, this Court does not have a sufficient basis to determine whether Petitioner is ultimately likely or unlikely to be removed."); *Tua Mene Lebie B. v. Barr,* No. 19-2177 (JNE/HB), 2019 WL 5747817, at *5 (D. Minn. Sept. 18, 2019), *report and recommendation adopted*, No. 19-2177 (JNE/HB), 2019 WL 5715703 (D. Minn. Nov. 5, 2019) ("But neither party analyzes the merits of the arguments presented before the Eighth Circuit, nor is this Court inclined to speculate about the likelihood of Petitioner's ultimate removal."); *Abdirizak Mohamed A.*, 2020 WL 1062913, at *4 ("The record lacks information that might justify a reasonable prediction one way or the other regarding the likelihood that proceedings will result in a final order of removal.").

    Here, the IJ has ruled in favor of Petitioner granting his application for Cancellation of Removal, and the Government has appealed that determination. (Van Der Vaart Decl. ¶¶ 17–18.) However, the IJ's decision was an oral decision, and thus there is no record of it presented to this Court. (Van Der Vaart Decl. ¶ 17; Habeas Pet. ¶ 26, Ex. D.) In addition, though this Court is aware of the two grounds upon which the

Government has appealed, neither party has sufficiently characterized the arguments made beyond the Petitioner's exhibit of the Government's Notice of Appeal, which merely provides a cursory summary of the issues to be appealed. (Habeas Pet., Ex. E.) Accordingly, this Court "does not have a sufficient basis to determine" whether Petitioner is likely to be removed. *Muse*, 409 F. Supp. 3d at 718. This factor is therefore neutral and does not favor either party. *See id*; *see also Abshir H. A. v. Barr*, No. 19-1033 (PAM/TNL), 2019 WL 3719467, at *8 (D. Minn. June 28, 2019), *report and recommendation adopted*, No. 19-1033 (PAM/TNL), 2019 WL 3719414 (D. Minn. Aug. 7, 2019) (citing numerous cases weighing this factor neutral).

       7.      **Conclusion: Petitioner's Detention Violates Due Process**. Three of the six factors favor the Petitioner's argument that his detention is unreasonable. Two factors are neutral. And only one factor favors the Government. Therefore, based on the evaluation of the above factors, this Court concludes that Petitioner's detention is unreasonable, and recommends that Petitioner's request for habeas relief be granted in part and denied in part.[6] *See Abshir H.A.*, 2019 WL 3719414, at *2 (ordering that Petitioner's request for habeas relief be granted in part where three of the six *Muse*

---

[6] Petitioner requests a bond hearing within fourteen days of any Order adopting this Report and Recommendation. Courts in this District typically order a bond hearing between twenty-one and thirty days from the date of the applicable order. *See Pedro O.*, 2021 WL 3046799, at *9 (21 days); *Abshir H.A.*, 2019 WL 3719414, at *3 (30 days); *Amreya R.S.*, 2020 WL 2770942, at *12 (21 days); *Muse*, 409 F. Supp. 3d at 716 (27 days); *Tao J. v. Sec'y of Dep't of Homeland Sec.*, No. 18-1845 (NEB/HB), 2019 WL 1923110, at *5 (D. Minn. Apr. 30, 2019) (30 days); *Abdirizak Mohamed A.*, 2020 WL 1062913, at *4 (30 days). Petitioner has not demonstrated why this Court should deviate from these courts. Thus, his petition is denied in part as to this request.

factors weighed in Petitioner's favor). Specifically, this Court recommends that an immigration judge be ordered to conduct a bond hearing within thirty days of an order granting habeas relief. *See Muse*, 409 F. Supp. 3d at 718.[7]

### B. Burden of Proof at the Bond Hearing

Petitioner asserts that at the bond hearing, the Government should shoulder the burden of proving by clear and convincing evidence that Petitioner's continued detention is necessary to protect the community or to prevent him from fleeing. (Habeas Pet. ¶¶ 52–59.) The Government argues that this Court should not "prospectively shift the burden of proof at a future bond hearing in immigration court." (Resp. to Pet. 23–38.) Recent decisions in this District, such as *Omar M.*, *Pedro O.*, and *Jamie M.*, hold that the burden of proof lies with the Government and that the appropriate standard of proof is clear and convincing evidence. *See Omar M.*, 2021 WL 3442337, at *6; *Pedro O.*, 2021 WL 3046799, at *8; *Jamie M.*, 2021 WL 5567864, at *3–4. Applying the reasoning in these

---

[7] Respondents cite *Mathews v. Eldridge*, 424 U.S. 319 (1976) in support of their argument that the standard bond procedures of immigration courts "adequately protect the constitutional rights of the detained." (Resp. Pet. 24–29.) If applicable, the *Mathews* test requires the balancing of three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of such interest and the probable value of additional procedural safeguards; and (3) the government's interest. *Mathews*, 424 U.S. at 335. This Court observes that were those factors to be applied to the instant matter, they would weigh in favor of providing Petitioner with a successive bond hearing. The private interest at stake—Petitioner's liberty—is fundamental, freedom from imprisonment lays at the core of the liberty protected by the Due Process Clause. Here, the risk of erroneous deprivation of that liberty is high because Petitioner has now gone over eight months without a bond hearing. And finally, the Government's interest at stake here is not the continued detention of Petitioner, but the Government's ability to continue to detain him without a bond hearing. On balance, that interest is less weighty than the liberty interest of Petitioner.

cases, this Court recommends that at the bond hearing, the Government will bear the burden that Petitioner presents a danger to the community or a flight risk by clear and convincing evidence.

## RECOMMENDATION

For the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a writ of habeas corpus (Doc. No. 1) be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's petition is denied in part insofar as he requests a bond hearing within fourteen days of any Order adopting this Report and Recommendation.

2. Petitioner should receive an individualized bond hearing before an immigration judge within thirty days of any Order adopting this Report and Recommendation.

3. At the bond hearing, the parties should be allowed to present evidence and argument concerning whether Petitioner is a danger to the community and whether he is likely to flee if he is not detained.

4. At the hearing, the immigration judge should be required to place the burden of proof on the Government, and continued detention should only be authorized if the Government meets its burden with clear and convincing evidence.

Date: December 2, 2021                     *s/ Becky R. Thorson*
                                           BECKY R. THORSON
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).