UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nyynkpao B., | Case No. 21-cv-1817 (WMW/BRT) |
| Petitioner, | |
| v. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Merrick B. Garland, Alejandro Mayorkas, Tae D. Johnson, Marcos Charles, and Eric Holien, | |
| Respondents. | |

---

This matter is before the Court on the December 2, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 11.) The R&R recommends granting in part and denying in part Petitioner Nyynkpao B.'s habeas petition. Respondents filed timely objections to the R&R. For the reasons addressed below, Respondents' objections are overruled, the R&R is adopted, and Petitioner's habeas petition is granted in part and denied in part.

## BACKGROUND

Petitioner is a citizen of the Ivory Coast who entered the United States of America as a refugee in January 2004 and became a lawful permanent resident in November 2005. Between June 2016 and June 2018, Petitioner was convicted of multiple criminal offenses including, as relevant here, theft, possession of marijuana, and robbery involving a firearm, dangerous weapon or destructive device. Petitioner served a sentence of imprisonment for his robbery conviction and, when that sentence ended on March 31,

2021, immigration authorities arrested Petitioner and commenced removal proceedings. Specifically, immigration authorities charged Petitioner as removable under the Immigration and Nationality Act (INA) based on his convictions involving a controlled substance, a crime of violence, and moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(B)(i), (a)(2)(A)(iii), (a)(2)(A)(ii). Detention is mandatory in these circumstances. *See* 8 U.S.C. § 1226(c) (providing that the United States Attorney General "shall take into custody any alien who . . . is deportable by reason of having committed" crimes of moral turpitude, aggravated felonies, controlled substance-crimes, and certain firearm offenses).

An immigration judge granted Petitioner's application for cancellation of removal on July 15, 2021. The United States Department of Homeland Security appealed that decision to the Board of Immigration Appeals (BIA). While that appeal remained pending, Petitioner commenced this habeas action challenging the constitutionality of his continued detention without a bond hearing. In a December 2, 2021 R&R, the magistrate judge evaluates the circumstances of Petitioner's detention and concludes that Petitioner's detention is unreasonable and violates Petitioner's due-process rights. As such, the R&R recommends granting in part and denying in part Petitioner's request for habeas relief. Specifically, the R&R "recommends that an immigration judge be ordered to conduct a bond hearing within thirty days of an order granting habeas relief" to Petitioner. In addition, the R&R recommends ordering the immigration judge to place the burden on the government to prove, by clear-and-convincing evidence, that Petitioner

2

is a danger to the community or likely to flee if he is not detained. Respondents object to the R&R's conclusions and recommendations.

## ANALYSIS

A district court reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). In doing so, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Respondents object to the R&R's conclusion that due process requires the government to provide Petitioner with a bond hearing and the R&R's recommendation as to the burden of proof that should apply at any bond hearing. The Court addresses each objection in turn.

### I. Due Process

Respondents first argue that due process does not require the government to provide Petitioner with a bond hearing because Petitioner's detention is mandatory under the INA. The Fifth Amendment to the United States Constitution "entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (internal quotation marks omitted). Mandatory detention pursuant to 8 U.S.C. § 1226(c) does not violate a detainee's Fifth Amendment due process rights during the "brief period necessary" for removal proceedings. *Id.* at 513. But a detainee's due process rights are implicated when the period of detention under Section 1226(c) is no longer "brief." *See id.* at 526–31; *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

3

According to Respondents, due process is satisfied if the duration of detention "corresponds to the duration of [the] removal proceedings." In *Demore*, the Supreme Court of the United States held that mandatory detention under the INA is facially constitutional. 538 U.S. at 531. "Throughout the opinion, however, the Court made clear that it based its holding on its understanding that detention pending removal would generally only last a 'brief' and 'limited' period of time." *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 738 (D. Minn. 2021) (citing *Demore*, 538 U.S. at 530). Although the Supreme Court subsequently held that the statutory text of Section 1226(c) of the INA does not contain an implicit time limitation, the Supreme Court expressly did *not* address whether due process limits prolonged detention under Section 1226(c). *See Jennings v. Rodriguez*, 138 S. Ct. 830, 846–47 (2018). Thus, courts in this District repeatedly have concluded that due process imposes some limitations on the duration of mandatory detention under Section 1226(c) of the INA. *See, e.g., id.*; *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 961 (D. Minn. 2019); *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 962 (D. Minn. 2019); *Muse v. Sessions*, 409 F. Supp. 3d 707, 715 (D. Minn. 2018). As such, Respondents' contention that due process is satisfied if the duration of detention corresponds to the duration of the removal proceedings lacks merit.

When deciding whether prolonged detention under Section 1226(c) of the INA violates due process, courts in this District consistently evaluate the six *Muse* factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays

4

>   of the removal proceedings caused by the detainee; (5) delays
>   of the removal proceedings caused by the government; and
>   (6) the likelihood that the removal proceedings will result in a
>   final order of removal.

*Pedro O.*, 543 F. Supp. 3d at 748 (quoting *Muse*, 409 F. Supp. 3d at 715); *accord Bolus A. D.*, 376 F. Supp. 3d at 961; *Liban M.J.*, 367 F. Supp. 3d at 963.  Here, the magistrate judge evaluated the *Muse* factors and concluded that half of the factors (the first, third and fourth factors) favor Petitioner, two factors (the second and sixth factor) are neutral, and only the fifth factor favors Respondents.

In its objections, Respondents do not meaningfully challenge the R&R's application of the *Muse* factors.  Respondents instead assert that these factors are irrelevant and that the magistrate judge should have evaluated whether Petitioner's ongoing detention "serves the purpose of" Section 1226(c) of the INA and whether this is a sufficiently "extraordinary" case warranting habeas relief.  But "[t]hese arguments have repeatedly been considered and rejected in similar cases." *Pedro O.*, 543 F. Supp. 3d at 738; *accord Bolus A. D.*, 376 F. Supp. 3d at 961.  "Whether a detention serves the purpose of § 1226(c) is the ultimate question to be answered at a bond hearing, if one is ordered, so it cannot control whether due process requires a bond hearing in the first place." *Pedro O.*, 543 F. Supp. 3d at 738–39 (internal quotation marks omitted).  Allowing the purpose of the detention statute to control whether the length of a particular detention complies with due-process requirements would be allowing the tail to wag the dog.  As such, Respondents' contention that the R&R applied the wrong factors is inconsistent with the vast weight of legal authority in this District and lacks merit.

Because Respondents do not specifically challenge the R&R's application of the six *Muse* factors, this aspect of the R&R is reviewed for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam) (observing that a district court reviews for clear error any aspect of an R&R to which no specific objection is made).

"As to the first factor, the longer detention persists, the more difficult it is for the government to justify continued detention." *Bolus A. D.*, 376 F. Supp. 3d at 961; *see also Muse*, 409 F. Supp. 3d at 716 (collecting cases from other jurisdictions). Petitioner has been detained for more than 12 months, which is well beyond the "brief" several-month period of detention contemplated in *Demore*. *See* 538 U.S. at 529–31. Courts in this District routinely have concluded that similar periods of detention are not sufficiently brief. *See, e.g.*, *Pedro O.*, 543 F. Supp. 3d at 739 (concluding that 13-month detention was not "brief"); *Liban*, 367 F. Supp. 3d at 963–64 (same as to 12-month detention); *Muse*, 409 F. Supp. 3d at 716 (same as to 14-month detention). As such, the R&R correctly concludes that the first factor weighs in Petitioner's favor.

When evaluating the second factor, the likely length of continued detention in the absence of judicial relief, courts consider the anticipated duration of the entire judicial and administrative process. *Muse*, 409 F. Supp. 3d at 716–17 (citing *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003)). Although this Court cannot predict how long Petitioner's removal proceedings will continue, there is no imminent end in sight, and Petitioner may be detained for several more months as his case continues to proceed through both the

6

administrative and judicial process.[1]  *See id.* at 717 (estimating that a detainee who had "just appealed" a removal order to the BIA and would likely appeal any adverse decision to the Eighth Circuit "could easily be detained another 18 months or more").  Although the magistrate judge concluded that this factor was neutral in December 2021, this factor now weighs in Petitioner's favor, thus providing additional support for the R&R's conclusions.

The third factor considers the conditions of confinement.  Petitioner is subject to civil detention, not criminal incarceration.  But there is a direct correlation between the strength of Petitioner's argument that he is entitled to a bond hearing and the degree to which the conditions of Petitioner's confinement resemble penal confinement.  *See id.* (citing *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).  And the weight of this factor increases with the length of detention.  *Id.*  Petitioner is confined at Kandiyohi County Jail, which Respondents concede is a criminal correctional facility.  Because Petitioner's conditions of confinement are indistinguishable from criminal incarceration, the R&R correctly concludes that this factor weighs strongly in Petitioner's favor.

The fourth and fifth factors consider the nature and extent of any delays caused by the detainee and the government respectively.  Here, the parties agree and the R&R

---

[1]  Although the BIA rendered a decision in the pending immigration appeal on January 31, 2022, the BIA remanded the matter to the immigration judge for further proceedings.  On remand, the immigration judge denied Petitioner's application for cancellation of removal.  Petitioner has indicated that he intends to file a second appeal to the BIA, which likely will extend the immigration proceedings—and Petitioner's ongoing detention—for several additional months.

concludes that neither party has engaged in dilatory tactics. And each party has advanced substantive arguments addressing the positions taken throughout this administrative and judicial process. As such, these factors, on balance, are neutral.

The sixth factor contemplates the likelihood that the immigration proceedings will culminate in a final removal order. Here, the immigration judge initially granted Petitioner's application for cancellation of removal, but on appeal the BIA remanded the matter for further proceedings. Typically, a court is not in a position to predict the outcome of removal proceedings or to weigh the merits of either the government's grounds for removal or a detainee's grounds for cancellation of removal. As such, the R&R correctly concluded that this factor is neutral.

In summary, the R&R correctly concluded that the *Muse* factors largely weigh in favor of granting Petitioner habeas relief in the form of an individualized bond hearing. In particular, the length and conditions of Petitioner's detention weigh heavily in Petitioner's favor, and Respondents have not established a similarly weighty justification for continuing to hold Petitioner without an individualized determination that he presents either a flight risk, a danger to the community, or both. For these reasons, the Court overrules Respondents' objections and adopts the R&R's recommendation to order an immigration judge to conduct a bond hearing within 30 days. At the bond hearing, the parties will have the opportunity to present evidence and arguments addressing whether Petitioner, if released, would present a risk of flight or a danger to the community.

## II.     Standard of Proof

The R&R also recommends concluding that it is the government's burden to prove, by clear-and-convincing evidence, that Petitioner presents a flight risk or a danger to the community. Respondents object to this recommendation.

When determining the appropriate standard of proof, courts typically consider three factors: (1) the private interest at stake; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interests, including any possible fiscal and administrative burdens that would be imposed. *Pedro O.*, 543 F. Supp. 3d at 741 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). "A standard of proof 'serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision.' " *Id.* (quoting *Addington v. Texas*, 441 U.S. 418, 423 (1979)).

As to the private-interest factor, because "civil commitment for any purpose constitutes a significant deprivation of liberty," courts typically allocate the burden of proof to the government to justify detention and require a showing of clear and convincing evidence. *Id.* at 741–42 (quoting *Addington*, 441 U.S. at 425). As to the second factor—the risk of an erroneous deprivation—when "an individual's physical liberty is at stake," the government, even if it is pursuing a legitimate interest, "must bear a heightened burden because 'the possible injury to the individual is significantly greater than any possible harm to the state.' " *Id.* at 742 (quoting *Addington*, 441 U.S. at 427). And with respect to possible fiscal and administrative burdens, both the government and immigration courts are familiar with the clear-and-convincing evidence standard, and the

government undoubtedly "has easy access to information that is likely to bear on the question whether [Petitioner] poses a risk of flight or danger to the community." *Id.* at 743.  "When asked to balance these factors, an overwhelming majority of courts have held that the Government must justify the continued confinement of an alien under § 1226(c) by clear and convincing evidence." *Id.* at 742 (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213–14 (3d Cir. 2020)); *see also id.* at 754 (collecting cases).  As such, the R&R's recommendation as to the standard of proof is consistent with the weight of persuasive authority.

Respondents challenge this conclusion, asserting that the "Supreme Court has consistently affirmed the constitutionality of immigration detention pending removal proceedings . . . notwithstanding that the government has never borne the burden to justify that detention by clear and convincing evidence."  But Respondents have not identified any case in which this burden-of-proof issue has been squarely presented to or decided by the Supreme Court of the United States.  Indeed, "neither the Supreme Court of the United States nor the Eighth Circuit has addressed either which party bears the burden of proof at a bond hearing on continued detention under Section 1226(c) or the quantum of proof that is required." *Bolus A. D.*, 376 F. Supp. 3d at 963.  And this Court declines Respondents' invitation to infer a Supreme Court holding as to an issue that the Supreme Court has not expressly addressed.

Respondents also argue that, because non-criminal aliens bear the burden of proving that they are not a risk of flight or danger to the community, *see* 8 C.F.R.

§§ 236.1(c)(8), 1236.1(c)(8), criminal aliens should not benefit from a more favorable allocation of the evidentiary burden. But this argument has been rejected in this District because, unlike criminal aliens, non-criminal aliens "enjoy a crucial procedural protection that criminal aliens do not," namely, "[t]hey can obtain a bond hearing immediately at the outset of their detention." *Pedro O.*, 543 F. Supp. 3d at 743–44. By contrast, a criminal alien cannot obtain a bond hearing unless the alien's detention has been unconstitutionally prolonged. *See id.* at 744 (concluding that "the comparison to non-criminal aliens is not as significant as the Government suggests"). As such, the procedures used in non-criminal alien detention proceedings that have not been unconstitutionally prolonged are inapposite.

Respondents next contend that this Court must defer to immigration authorities' interpretation of the INA statute. Respondents identify no binding authority requiring such deference. Moreover, this argument is unpersuasive because the applicable statutory provision—Section 1226(c)—does not address allocation of the burden of proof at a bond hearing for criminal aliens and, as such, there is no relevant interpretation by immigration authorities. *See id.* at 757–58 (rejecting similar argument on this basis); *accord Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. 2018) (observing that deference to an agency's interpretation of a statute is not relevant to whether the due-process protections in the United States Constitution require the government to bear the burden of proof in immigration bond hearings). Thus, Respondents' objection on this basis is unavailing.

11

According to Respondents, the R&R's analysis of the evidentiary standard also fails to address several relevant factors—namely, the adequacy of existing bond hearing procedures, how those procedures risk the erroneous deprivation of liberty, the government's interest in the promptly executing removal orders, and the fiscal and administrative burdens caused by alternative procedures. But aside from these broad general objections, Respondents do not specifically or meaningfully address how these factors undermine the R&R's recommendation or the foregoing analysis.

For these reasons, Respondents' objections to this aspect of the R&R are overruled.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Respondents' objections to the December 2, 2021 R&R, (Dkt. 12), are **OVERRULED**.

2. The December 2, 2021 R&R, (Dkt. 11), is **ADOPTED**.

3. Petitioner Nyynkpao B.'s petition for a writ of habeas corpus, (Dkt 1), is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Petitioner Nyynkpao B.'s petition is **DENIED** to the extent that he requests a bond hearing within 14 days after the date of this Order;

    b. Petitioner shall receive an individualized bond hearing before an immigration judge within 30 days after the date of this Order;

12

    c. at the bond hearing, the parties shall be permitted to present evidence and argument as to whether Petitioner is a danger to the community and whether Petitioner is likely to flee if he is not detained; and

    d. to establish that continued detention is warranted, the government shall be required to prove, by clear-and-convincing evidence, that Petitioner is either a danger to the community or likely to flee if he is not detained.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 14, 2022　　　　　　　　　　　　　s/Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge